UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANOU LLC, JP SEARCH, INC. (f/k/a JANOU PAKTER, INC.) and JANOU PAKTER, <br><br>                                Plaintiffs,<br>       -against-<br><br>JANOU PAKTER LLC,<br>                                Defendant. | 16 Civ. 4288 (PAE)<br><br>DECLARATION OF<br>JANOU PAKTER IN SUPPORT<br>OF PLAINTIFFS' MOTION FOR<br>A JUDGMENT BY DEFAULT<br>AGAINST DEFENDANT<br>JANOU PAKTER LLC |

       Pursuant to 28 U.S.C. §1746, I, Janou Pakter declare as follows:

       1.     I am the founder and managing member of Janou LLC. I am the founder, sole stockholder and chief executive officer of JP Search, Inc. (f/k/a/ Janou Pakter, Inc.). I am also the individual Plaintiff (Janou LLC and JP Search, Inc., together with me personally, the "Plaintiffs"). I submit this Declaration in Support of Plaintiffs' Motion For a Judgment By Default Against Defendant Janou Pakter LLC on the basis of Defendant's violations of the Lanham Act, the Anticybersquatting Consumer Protection Act, N.Y. Civil Rights Law, N.Y. General Business Law and New York common law.

       2.     In 1985, I founded Janou Pakter, Inc. (n/k/a JP Search, Inc.). As its sole stockholder and chief executive, I built Janou Pakter, Inc.'s reputation as a global industry leader in the placement of executives and others into employment positions requiring creative talent.

       3.     In early January of 2012, I sold some of Janou Pakter, Inc.'s assets to a non-party JBC Holdings NY LLC ("JBC").

       4.     JBC, pursuant to our purchase and sale agreement, set up Defendant Janou Pakter LLC ("Defendant"), a new entity created specifically for that purpose.

       5.     To avoid confusion, after the conveyance, Janou Pakter, Inc. then changed its name to JP Search, Inc.

6. As part of the agreement with JBC, I was retained as President of Defendant. I was employed by Defendant for approximately six months after the conveyance. I soon suspected Defendant had retained me as part of a "bait and switch," and planned to terminate me as soon as it successfully obtained JPI's database of candidates and customers through introductions I made on its behalf.

7. My suspicions were confirmed on July 18, 2012 when I was terminated without cause or explanation.

8. On October 10, 2012, JBC and Defendant commenced a preemptive suit against me personally, JPI, and others captioned *JBC Holdings NY, LLC v. Janou Pakter*, 12 Civ. 755 (PAE)(GWG) (the "Prior Action"), alleging before Your Honor that I, together with my ex-husband and a third-party recruiter engaged in a conspiracy to hack Defendant's computers and to illicitly compete against it.

9. At this point, I am sure the Court is as well-aware of the facts as the parties were at the time we presented the case, but I will attempt to recall them here.

10. In or around November of 2012, Defendant unsuccessfully sought a preliminary injunction in the Prior Action seeking to preclude me from seeking gainful employment and from using my own personal name in business.

11. However, Defendant's hacking claims, pled as violations under the Computer Fraud and Abuse Act, were found implausible by Your Honor and dismissed. Defendant amended its pleading to aver violations under the Lanham Act. I then counterclaimed under the Lanham Act, New York Civil Rights Law and for breach of contract, along with various claims for equitable relief.

12. On July 10, 2013, in conjunction with a settlement conference held before Magistrate Judge Gorenstein, we reached an agreement to settle the Prior Action on the record [12 Civ. 755, Doc. No. 94], sealed by Order dated September 4, 2013 [12 Civ. 755, Doc. No. 98] and incorporated into a writing thereafter ("Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached to this Declaration as Exhibit A.

13. Soon after settling the Prior Action, I founded a new company, Janou LLC, devoted to the placement of executives and others into employment positions requiring creative talent. This company has operated as Janou LLC at all times since.

14. Although JPI and I fully performed under the Settlement Agreement in the Prior Action, Defendant breached by failing to perform several of the material terms. In particular, Defendant totally disregarded each of the terms specifically agreed by it on the record at 3:25-4:2 and 4:11-4:13.

15. Even more, Defendant has continuously operated its business in a manner designed to create the false appearance that it purchased JPI, is affiliated with my companies, and/or continues to employ me.

16. Defendant has done this routinely and continuously in various ways.

17. Defendant designs its advertising and other communications so that they appear to originate from me, personally.

18. Defendant uses my name in its corporate filings and registrations to create the appearance that I am its corporate representative.

19. On its website and through social media, Defendant falsely claims its business has been operating since 1985, which is actually the year I founded JPI, in an attempt to mislead the

public into believing that Defendant acquired JPI and is somehow associated with me and my reputation and expertise that I developed over the past thirty-one years.

20. Notably, Defendant was actually incorporated in 2012 and not in 1985, when its founder and Chief Executive Officer was just nine years old.

21. Defendant also creates the appearance that it is associated with me and my companies by employing various derivations of my personal name in trade, using "Janou", "Pakter" and/or "JP", and communicating through janou@pakter.com and social media as though such communications originate from me personally.

22. Specifically, Defendant operates the domain name www.janoupakter.com which directs all traffic to the domain name www.pakter.com that it unlawfully operates.

23. Defendant also regularly uses the logo "JP" which is my personal initials.

24. By using www.pakter.com, Defendant is able to send and receive, and has sent and received, communications from janou@pakter.com so that it can intercept communications intended for me and divert new client and candidate inquiries to Defendant and away from Plaintiffs in bad faith.

25. While using the electronic mail address janou@pakter.com, Defendant receives and responds to inquiries sent to that address without explaining that I am not affiliated with Defendant and no longer employed by Defendant. Defendant routinely fails to inform counterparties who communicate through other electronic mail and/or social media that I am not affiliated with Defendant and/or no longer employed by Defendant.

26. Defendant controls and operates a LinkedIn profile pretending to be me – which includes a photograph of me, provides the email contact address janou@pakter.com, and claims that I am the "founder" of and have been employed by Defendant since 1985.

27.     Defendant accepts LinkedIn connections purportedly on my behalf, and regularly poses as and impersonates me in order to communicate with and confuse former, existing and potential clients and candidates, the market and the consuming public at large.

28.     In or around September of 2013, Defendant sent out, or caused to be sent out, a marketing blast via LinkedIn from "Janou Pakter, President of Sales at Janou Pakter," even though I was no longer employed by Defendant and had no affiliation with it.

29.     In or around April of 2014, Defendant again transmitted, or caused to be transmitted, another LinkedIn marketing blast from the same offending profile (the "April 2014 Blast").

30.     The April 2014 Blast, which is written in the first person, specifically states that "I would welcome connecting with you personally," and includes a button that reads, "Reply to Janou", purports to be a communication from a LinkedIn account maintained by me and/or Janou LLC, but is actually a communication from Defendant.

31.     Defendant operates a twitter account pretending to be me, using the name "Janou Pakter@JanouPakter." The offending twitter account claims that Defendant has been "connecting businesses to creativity since 1985," claims that Defendant was "founded in 1985" and boasts of offices that were JPI's and that it does not maintain. This statement is false.

32.     On or about March 15, 2016, Defendant sent another email marketing blast (the "March 2016 Email"), purporting to be written and signed by me, but is actually a communication from Defendant. Like the April 2014 Blast, the March 2016 Email is written in the first person as though drafted by me personally and is brazenly signed "Best Janou Pakter."

33. By using my unique name "Janou", my surname "Pakter" standing alone, and/or my initials, Defendant creates the appearance that its business is operated by me personally and/or that its communications originate from me, and not merely from a company that acquired only certain assets of JPI that were then disputed through litigation.

34. Defendant does not correct the appearance created by its unlawful use of my name and likeness, and in particular, does not inform existing or potential clients and candidates that Defendant has no affiliation with Plaintiffs.

35. To the contrary, Defendant has been acting as if I am still employed by it and/or affiliated with me and my companies, including Plaintiffs JPI and Janou LLC. Defendant has even gone so far as to impersonate me.

36. Defendant's conduct detailed above has caused such confusion to consumers that in and around March of 2016 one of my clients, Parfums Christian Dior/LVMH, sent Defendant a check in the amount of $14,585.00 for services that were actually provided by Janou LLC and me personally. Despite knowing that the check was received in error, Defendant deposited the $14,585.00 check knowing that it provided that client with no services whatsoever.

37. Unfortunately, the confusion created by Defendant continues.

38. For example, on October 19, 2016, I sent a company prospectus to Versace USA's VP of Human Resources along with a copy of an article we were featured in in WWD magazine suggesting we discuss the potential for a relationship. Later that same day, she replied that "I am actually having lunch with Tania on Friday – looking forward to it!"

39. Janou LLC does not employ "Tania". Instead, there is a Tania L. Idjadi at Defendant who on identifies herself on LinkedIn to be the "Director of Executive Search at Janou Pakter".

I certify under penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my personal knowledge and belief.

Executed on January 27, 2017

_____
Janou Pakter