```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/5/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
JANOU PAKTER, JANOU LLC, and JP SEARCH, INC., :
formerly known as JANOU PAKTER,                              :   16 Civ. 4288 (PAE)
                                                             :
                              Plaintiffs,                    :   OPINION & ORDER
                                                             :
               -v-                                           :
                                                             :
JANOU PAKTER, LLC,                                           :
                                                             :
                              Defendant.                     :
                                                             :
------------------------------------------------------------- X

PAUL A. ENGELMAYER, District Judge:

This Order resolves defendant Janou Pakter LLC's motion to vacate the default judgment this Court has entered against it. Defendant has not taken the steps directed by this Court to cure the prejudice to plaintiffs that would be caused by vacating the default.[1] Accordingly, the Court denies defendant's motion to vacate the default judgment.

I. **Background**

Plaintiffs commenced this action, seeking damages for trademark infringement, on June 8, 2016. Dkt. 1. Defendant was served with the complaint on September 1, 2016. *See* Dkt. 10. On November 14, 2016, after defendant had failed to answer or otherwise respond to the complaint, plaintiffs requested that the Clerk of Court enter default, Dkt. 11, and on November 15 the Clerk did so, Dkt. 13. On January 13, 2017, the Court issued an order to show cause why this action should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41. Dkt. 14. The Court directed plaintiffs to file a motion for default judgment by February 3,

---
[1] Because of the similarities in the parties' names, the Court refers to the parties as "plaintiffs" and "defendant."

2017, otherwise the Court would dismiss the case. *Id.* On February 3, 2017, plaintiffs filed a motion for default judgment. Dkt. 15.[2] The Court then scheduled a default hearing for March 29, 2017, and ordered that plaintiffs serve the defendant with notice of that hearing. Dkt. 16. Plaintiffs effected service by mail on March 2, 2017. *See* Dkt. 17. On March 29, 2017, the Court held a default hearing, at which the defendant did not appear. The Court accordingly entered default judgment against defendant and referred the case to Magistrate Judge Gorenstein for an inquest into damages. Dkts. 24–25.

On April 4, 2017, Judge Gorenstein ordered plaintiffs to prepare proposed findings of fact and conclusions of law concerning the damages and other relief plaintiffs seek against the defendant. Dkt. 26. On May 19, 2017, plaintiffs filed their proposed findings of fact and conclusions of law. Dkts. 30–32.

On June 15, 2017, for the first time, counsel for the defendant appeared in this action, seeking an extension of the defendant's time to respond to plaintiffs' proposed findings of fact and conclusions of law and advising the Magistrate Judge that the defendant would be filing a motion in this Court to vacate the default judgment. Dkts. 34-35. Judge Gorenstein adjourned defendant's deadline to respond until after this Court resolved the defendant's anticipated vacatur motion. Dkt. 36.

On June 16, 2017, defendant moved this Court to vacate the default judgment. Dkt. 37. On June 19, 2017, this Court entered an order directing plaintiffs to respond to the defendant's motion by June 30, 2017, and stayed the inquest into damages pending resolution of the motion

---

[2] Because of a filing error, the motion for default judgment and supporting papers was refiled, pursuant to a directive from the clerk's office, on March 6, 2017. *See* Dkts. 18–21.

2

to vacate. Dkt. 41. On June 30, 2017, plaintiffs filed their brief in opposition. Dkt. 43 ("Pl. Br.").

On November 20, 2017, this Court entered an order advising the parties that the Court would "condition any vacatur of the default judgment on defendant's payment of the fees and costs plaintiffs reasonably incurred in the preparation of plaintiffs' proposed findings of fact and conclusions of law." Dkt. 45. The Court directed plaintiffs' counsel to submit by November 28, 2017, in the form of a sworn declaration, an accounting of the fees and costs reasonably incurred in preparation of those filings. *Id.* The Court also ordered that, if the defendant continued to seek vacatur of the default judgment, counsel was required to submit a response by Friday, December 1, 2017, "attesting to defendant's willingness to promptly upon vacatur of the default judgment reimburse plaintiff for all of those reasonably incurred fees and costs." *Id.* The Court advised that, if the defendant were unwilling to bear those costs, the Court would "deny its motion to vacate the default judgment." *Id.*

On November 28, 2017, plaintiffs submitted the declaration of William B. Kerr, counsel to plaintiffs in this matter, attesting to the fees and costs reasonably incurred by plaintiffs in preparation of their proposed findings of fact and conclusions of law. Dkt. 46. That declaration attached, as an exhibit, the contemporaneous billing records encompassing the time spent by plaintiffs' counsel in preparing the proposed findings of fact and conclusions of law. *Id.* The fees and costs total $20,607.59. *Id.*

The defendant has not submitted a response of any kind to plaintiffs' declaration.

## II. Legal Standard

The Second Circuit has "advised district courts to consider three criteria in deciding a Rule 55(c) motion: (1) whether the default was willful; (2) whether setting aside the default

3

would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense." *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012).[3] Prejudice to the non-defaulting party is "the single most persuasive reason for denying a Rule 55(c) motion . . . ." *Murray Eng'g, P.C. v. Windermere Properties LLC*, No. 12 CIV. 0052 JPO, 2013 WL 1809637, at *5 (S.D.N.Y. Apr. 30, 2013) (quoting 10A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2699 (3d ed. 2010)).

### III. Analysis

Because the defendant has not submitted a response to plaintiffs' accounting, as required by this Court's November 28, 2017 order, defendant has not cured the prejudice to plaintiffs that would be imposed by vacatur of its default.

The Court is mindful that not all prejudice will justify the denial of a Rule 55(c) motion. Rather, "the plaintiff must demonstrate that any prejudice resulting from the defendant's default cannot be rectified in the Court in another manner were the default to be vacated." *Murray Eng'g*, 2013 WL 1809637, at *5. That is precisely why the Court ordered plaintiffs to submit an accounting of the costs they incurred in preparation of their proposed findings of fact and conclusions of law and ordered the defendant to attest to its willingness to promptly upon vacatur reimburse plaintiffs for such reasonably incurred costs. Dkt. 45. Had the defendant done so, the

---

[3] Rule 60(b) governs motions to set aside "final judgments," but a judgment is "final" only "when there is nothing left for the Court to adjudicate." *Globe Indem. Co. v. J T Falk & Co., Inc.*, No. 91 Civ. 0271(PKL), 1992 WL 116630, at *3 (S.D.N.Y. May 15, 1992) (citing *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085 (2d Cir. 1992)). "Therefore, it is the 'good cause' standard of Rule 55(c), as opposed to the more rigorous standards of Rule 60(b), that applies to a case such of this, where an inquest on damages has been ordered but has not yet taken place." *Murray Eng'g*, 2013 WL 1809637, at *3 (internal citations and quotations omitted). Plaintiffs agree. *See* Pl. Br. at 4 n.7.

prejudice to plaintiffs caused by vacatur of defendant's default would have been readily cured, and the Court would not have denied the motion for vacatur on prejudice grounds.

However, because defendant has not attested to its willingness to reimburse plaintiffs for the costs plaintiffs have reasonably incurred in preparation of their proposed findings of fact and conclusions of law, and on the contrary has again flouted a court deadline, the Court finds that setting aside defendant's default would prejudice plaintiffs. The Court advised the parties that it would deny defendant's motion if defendant did not attest to its willingness to reimburse plaintiffs. The Court now does so.

## CONCLUSION

For the foregoing reasons, defendant's motion to vacate the default judgment granted against it is denied. The Clerk of Court is respectfully directed to close the motion pending at Dkt. 37. The stay entered by this Court's June 19, 2017 Order is hereby lifted. This case is again referred to, and will proceed before, the Magistrate Judge for an inquest into damages.

SO ORDERED.

_Paul A. Engelmayer_
Paul A. Engelmayer
United States District Judge

Dated: December 5, 2017
New York, New York