## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement dated August 9, 2018 (the "Agreement") is entered into between Janou LLC ("Janou LLC"), JP Search, Inc. ("JP"), and Janou Pakter ("Janou") (collectively, "Janou LLC" or "Plaintiffs") on the one hand, and Janou Pakter LLC ("Pakter LLC" or "Defendant") on the other hand (Plaintiffs, together with Defendant, collectively "the Parties").

WHEREAS, Janou and Pakter LLC were parties to a certain Settlement Agreement & Release (the "Prior Agreement") dated August 28, 2013, which arose out of a Settlement Conference held July 10, 2013 which settled a prior action in the United States District Court for the Southern District of New York (the "District Court") entitled JBCHoldings NY, LLC et al. v. Pakter et al., Civil Action No. 12-cv-7555;

WHEREAS, Plaintiffs commenced an action against Defendant for, among other causes of action, breach of the Prior Agreement in the District Court entitled Janou LLC, JP Search, Inc. (f/k/a Janou Pakter, Inc.) and Janou Pakter v. Janou Pakter LLC, Civil Action No. 16-cv-04288 (the "Action");

WHEREAS, the Parties engaged in a Settlement Conference before Magistrate Judge Stewart Aaron on June 20, 2018 (the "2018 Conference");

WHEREAS, the Parties consented to certain key terms of settlement on the record at the 2018 Conference, subject to and culminating in this Agreement as set forth herein;

WHEREAS, Defendant disputes that it has any liability under any theory of recovery, and the Parties now desire to finally and completely resolve, compromise, and settle all disputes, claims, and controversies between and among them concerning the Prior Agreement and the Action;

CONFIDENTIAL

NOW, THEREFORE, in consideration of the mutual promises, covenants and agreements set forth herein, the Parties hereby agree as follows:

**1.      Effective Date**

This Agreement shall be effective upon exchange of fully executed counterparts ("Effective Date") along with payment of the First Settlement Payment in good and sufficient funds in the amount and manner set forth by side letter dated that same day ("Payment Letter").

**2.      Dismissal of the Action**

The Parties acknowledge that the Court already has dismissed and discontinued the action without prejudice to the right to reopen if application is timely made. Upon receipt of the Second Payment in good and sufficient funds Plaintiffs agree that they will not seek to reopen the action and shall instead file a voluntary stipulation dismissing the action with prejudice.

**3.      Further Action**

If necessary, the Parties and their counsel hereto agree to do all things reasonably necessary, including, but not limited to, the execution of additional documents, to cause all claims alleged in the Action to be dismissed with prejudice.  Plaintiffs will submit a copy of this Agreement to the Court to be "So-Ordered." The Parties agree that should the Court "So-Order" this Agreement, the Court shall retain jurisdiction over any action to enforce this Agreement. The Agreement shall be enforceable whether or not the Court decides to "So-Order" this Agreement.

**4.      Use of the Name "Pakter" and "Janou Pakter"**

(a)(1)   Defendant shall have exclusive right to use the following domain names for an unlimited period of time:

> pakter.com
> pakter.co.uk

CONFIDENTIAL

>pakter.eu
>pakter.nl
>pakter.nyc
>pakter.net
>pakter.uk

(2)     Defendant shall have exclusive right to use the following domain names for twelve (12) months after the Effective Date ("Phase Out Period"), but during the Phase Out Period, Defendant shall not increase any such usage (*i.e.*, if a domain name is inactive, it should stay inactive; if a domain name does not point to "pakter.com", it should not be pointed to "pakter.com"; if a domain name does not have associated email addresses in use, such email addresses should not be activated for use, *etc.*) and after the Phase Out Period, Defendant shall cease using each such domain name, stop pointing such domain names and shall close all electronic mail accounts associated therewith at which point none of the Parties may use such domain names, but they shall continue to be registered to Defendant without electronic mail accounts associated therewith so that the domain name cannot be registered for use by any third-parties.  Defendant shall pay all fees necessary to maintain such registration.

>janoupakter.com
>janoupakter.co.uk
>janoupakter.nl
>janoupakter.nyc
>janoupakter.uk
>janoupakter.us
>janoupakterllc.co.uk
>janoupakterllc.com
>janoupakterllc.nl
>janoupakterllc.nyc
>janoupakterllc.uk
>janoupakterllc.us

(3)     Defendant shall immediately cease using the following domain names and any electronic mail to and from the following domain names, and none of the Parties may use the following domain names or point such url. to any other url., but the following domain names

CONFIDENTIAL

shall continue to be registered to Defendant without electronic mail accounts associated therewith so that the domain name cannot be registered for use by any third-parties.  Defendant shall pay all fees necessary to maintain such registration:

> janousearch.com
> janou.co.uk
> janou.nyc
> janou.uk
> janou.us
> janou.net

(4)     Defendant shall immediately cease using the following domain name and any electronic mail to and from the following domain name, and shall let its registration expire upon the end of the current registration period for the domain name, after which Plaintiffs may register the domain name:

> janoullc.com

(b)     Defendant shall not use or cause anyone to use, directly or indirectly, the email addresses "janou@pakter.com", "janoupakter@pakter.com", "jpakter@pakter.com", "janou@janoupakter.com", "janoupakter@janoupakter.com", "jpakter@janoupakter.com" or any email addresses beginning with "janou@. . . .", "janoupakter@ . . . ." or "jpakter@ . . . ."  Should Defendant ever employ someone with the first name "Janou", her email address is permitted to be "j[last name]@ . . . ." but, shall not be "janou@" or "janou[last name]@ . . . ."

(c)     Defendant shall not display, show, publish or otherwise use in any manner, the likeness, picture and/or any photograph of Janou.

(d)     Any communications or correspondence from Defendant directly or indirectly at its direction, including but not limited to, advertising and marketing materials, e-mails, Tweets, LinkedIn requests and other communications over social media (each, a "Communication") that include a salutation, signature block or any other identifier of authorship or that implies an

CONFIDENTIAL

author, shall only reflect (i) an individual employee's name, or (ii) the words "From the Team at Janou Pakter" or "From us at Janou Pakter" ("Permissible Salutations") and shall not use "Janou Pakter" or "Janou Pakter LLC" unless first introduced by a Permissible Salutation and shall not use the word "Janou" without the word "Pakter" immediately following.

(e)     The Parties shall cooperate in removing Janou's name, date and place of birth from the corporate registration of Janou Pakter Coöperatief U.A., RSIN 851614437 by filing an amendment with the Uitreksel Handelsregister Kamer van Koophandel. Plaintiffs will pay any costs (which shall include the cost of the filing fee, Plaintiffs' attorneys' fees and disbursements, but shall not include Defendant's professional fees or staff time, if any) necessary to affect such amendment.

(f)     The Parties shall cooperate in removing the LinkedIn page https://www.linkedin.com/in/janoupakter/, which shall be deleted by Defendant no later than August 3, 2018, although all parties acknowledge that LinkedIn may take several days to effectuate the deletion.

**5.     Release of All Claims**

It is expressly understood by each of the Parties that this Agreement constitutes a complete and final Release between and among the Parties with respect to any and all past or present liability, claims, demands, rights and causes of action, guarantees, claims for compensatory or punitive damages and other damages of any kind or nature whatsoever, settlements, costs, attorneys' fees, interest, made in connection with or arising out of or in any way related to (1) the Prior Agreement, (2) the Action, and/or (3) the Payment Letter. Other than with respect to the Released Parties set forth below, this release does not affect any other entity's or individual's rights or obligations under the Prior Agreement.

CONFIDENTIAL

In consideration of the Settlement Amount, upon receipt of the Second Payment in good and sufficient funds, each of the Parties, on behalf of themselves, and their predecessors, successors and assigns, and their past, present and future directors, officers, shareholders, parent companies (including, with respect to Defendant, JBCHoldings NY, LLC), holding companies, affiliates, subsidiaries, principals, agents, servants, representatives, insurers, reinsurers, legal counsel and employees, intending to be legally bound thereby, agrees to forever release, discharge, and acquit all of the Parties, their predecessors, successors and assigns, and their past, present and future directors, officers, shareholders, parent companies (including, with respect to Defendant, JBCHoldings NY, LLC), holding companies, affiliates, subsidiaries, principals, agents, servants, representatives, insurers, reinsurers, legal counsel and employees ("Released Parties") from any and all claims, liabilities, causes of action, suits, charges, complaints, obligations, damages, and expenses (including but not limited to attorneys' fees and costs actually incurred) ("Claims"), whether those Claims are known or unknown, suspected or unsuspected, asserted or unasserted, fixed or contingent, or whether those Claims are based in tort, contract, negligence, statutory or regulatory right, or other statutory code violations, bad faith, breach of fiduciary duty, fraud, breach of good faith and fair dealing, malice or oppression or any other legal theory or right, in connection with or arising out of or in any way related to (1) the Prior Agreement, (2) the Action, and/or (3) the Payment Letter, except for enforcement of any rights under this Agreement or the Prior Agreement.

6.   **All Claims Included In The Release**

Notwithstanding any federal or state statute or provision of the common law that provides that a release does not extend to claims that a releasor does not know or suspect to exist at the time of executing the release, the releases in this Agreement shall be deemed to constitute full

CONFIDENTIAL

releases in accordance with their terms as to all claims related to or arising out of (1) the Prior Agreement, (2) the Action, and (3) the Payment Letter. The Parties agree that this Agreement extends to Claims which the Parties do not know or suspect to exist in their favor at the time of executing the Agreement, which if known by them would have materially affected their settlement herein in connection with (1) the Prior Agreement, (2) the Action, and (3) the Payment Letter.  The Parties shall be deemed knowingly and voluntarily to have waived, to the fullest extent permitted by law, the provisions, rights, and benefits of any federal law or the law of any state or territory or common law that would in any way limit the application of the releases to known or suspected Claims related to or arising out of (1) the Prior Agreement, (2) the Action, and (3) the Payment Letter. The Parties acknowledge and agree that this waiver is an essential and material term of this Agreement and without such waiver the Agreement would not have been entered into.

**7.      Agreement Does Not Constitute Admissions**

The Parties acknowledge that this Agreement is a compromise of disputed claims involving contested issues of law and fact, and as such, there is no admission of liability on the part of any Party to this Agreement.

**8.      Use of Agreement**

The Parties agree that this Agreement and any acts done in the performance of this Agreement shall not be admissible, discoverable, or relevant in any case or proceeding as evidence of the rights, duties or obligations of the Parties; provided, however, that nothing contained in this paragraph shall be interpreted to restrict the right of any Party to use this Agreement as evidence of the rights, duties or obligations created by this Agreement.  All actions

CONFIDENTIAL

taken and statements made by the Parties relating to this Agreement shall be without prejudice or value as precedent and shall not be used as a standard by which other matters may be judged.

9.    **Warranty of Authority**

The undersigned represent and warrant that each has full power and authority to enter into and deliver this Agreement on behalf of its respective principal, that each has not sold, assigned, transferred, conveyed or otherwise disposed of any claim, demand or right surrendered by virtue of this Agreement, that each has been advised by an attorney in connection with the execution of this Agreement, that each has read this Agreement and understands its contents, that in executing this Agreement the undersigned is/are not relying on any statement or representation made by any other party, individual or their agents or representatives, that in executing this Agreement each has considered not only known and anticipated claims and defenses, but also unknown and unanticipated claims and defenses which it is hereby recognized are part of this release and that this Agreement is enforceable in accordance with its terms.

10.   **Entire Agreement**

This Agreement shall be deemed to be an amendment to the Prior Agreement, and together with the Payment Letter, constitute the entire agreement and understanding between the Parties with respect to its subject matter and supersedes all prior and contemporaneous oral and written agreements and understandings relating to its subject matter.  In the event of any conflict between the Agreement and the Prior Agreement, the Agreement shall control. Each Party covenants that it has not entered into this Agreement as a result of any representation, warranty, agreement, promise or inducement other than as may be specifically provided herein.

CONFIDENTIAL

11. **<u>Amendment</u>**

This Agreement may not be amended, changed, modified, released or discharged except by a writing signed by duly authorized representatives of the Parties, or their respective successors or permitted assigns.

12. **<u>Severability</u>**

If any provision of this Agreement is held invalid in a court of competent jurisdiction, its invalidity shall not affect other provisions or applications of this Agreement which can be given effect without the invalid provisions or application, and to this end the provisions of this Agreement are declared to be severable.

13. **<u>Jurisdiction</u>**

The Parties acknowledge that this Agreement shall be construed pursuant to the laws of the State of New York, and if So-Ordered, the sole jurisdiction and venue for the resolution of any disputes under this Agreement, and only this Agreement, shall be the United States District Court for the Southern District of New York. If the Court does not So-Order this Agreement, the sole jurisdiction and venue for the resolution of any disputes under this Agreement, and only this Agreement, shall be the Supreme Court of New York County.

14. **<u>Counterparts</u>**

This Agreement may be executed in counterparts with the same effect as if the signatures were upon the same document. Faxed or photocopied signatures below shall be considered as valid signatures.

CONFIDENTIAL

IN WITNESS WHEREOF, the Parties have executed this Agreement by their duly authorized representatives as of the dates set forth below:

JANOU LLC                                           JANOU PAKTER LLC


_____                         _____
By:    Janou Pakter                                 By:    Bryan Zaslow
Title: President                                    Title: President

Date:  August 9, 2018                               Date:  August 9, 2018


JP SEARCH, INC.


_____
By:    Janou Pakter
Title: President

Date:  August 9, 2018


JANOU PAKTER


_____
By:    Janou Pakter

Date:  August 9, 2018


IT IS SO ORDERED: _____
                  Paul A. Engelmayer
                  United States District Judge

CONFIDENTIAL

IN WITNESS WHEREOF, the Parties have executed this Agreement by their duly authorized representatives as of the dates set forth below:

JANOU LLC

By:    Janou Pakter
Title:  President

Date:   August 8, 2018


JANOU PAKTER LLC

By:    Bryan Zaslow
Title:  President

Date:   August 8, 2018


JP SEARCH, INC.

By:    Janou Pakter
Title:  President

Date:   August 8, 2018


JANOU PAKTER

By:    Janou Pakter

Date:   August 8, 2018


IT IS SO ORDERED: _____

                            Paul A. Engelmayer
                            United States District Judge

10